1  RANDY S. GROSSMAN
   Acting United States Attorney
2  MICHAEL A. DESHONG
   California Bar No. 301041
3  DANIEL C. SILVA
   California Bar No. 264632
4  CARL F. BROOKER
   Washington D.C. Bar No. 1022908
5  Assistant United States Attorneys
   Federal Office Building
6  880 Front Street, Room 6293
   San Diego, California 92101-8893
7  Telephone: (619) 546-9290/9713
   Email: michael.deshong@usdoj.gov
8  Email: daniel.c.silva@usdoj.gov
   Email: carl.brooker@usdoj.gov
9
   Attorneys for United States of America
10
                    **UNITED STATES DISTRICT COURT**
11
                  **SOUTHERN DISTRICT OF CALIFORNIA**
12
   UNITED STATES OF AMERICA,          Case No.  21CR2120-JLS
13
                  Plaintiff,          **PLEA AGREEMENT**
14
          v.
15
   GPOMCT GRUPO EMPRESARIAL
16 S.A. DE C.V.,
17
                  Defendant.
18
19        IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,

20 through its counsel, RANDY S. GROSSMAN, Acting United States Attorney, and Michael

21 A. Deshong, Daniel C. Silva, and Carl F. Brooker, Assistant United States Attorneys, and

22 Defendant GPOMCT GRUPO EMPRESARIAL S.A. DE C.V. (GPOMCT), with the

23 advice and consent of its counsel, Pedro Bernal and Steven Zisser, as follows:

24                                    **I**

25                                **THE PLEA**

26 A.    The Charge

27        Defendant agrees to waive Indictment and plead guilty to Count 1 of an Information

28 charging Defendant with:

                  Beginning on a date unknown and continuing up to and including

*Plea Agreement*                                          Def. Initials  EMC

February 8, 2021, within the Southern District of California and elsewhere, defendant GPOMCT GRUPO EMPRESARIAL S.A. DE C.V. (GPOMCT), did knowingly conduct, control, manage, supervise, direct and own all or part of a money transmitting business affecting interstate and foreign commerce that failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulation prescribed thereunder, all in violation of Title 18, United States Code, Section 1960(b)(1)(B).

B.    Agreement Not to Prosecute Owners/Managers/Supervisors

In exchange for Defendant's plea of guilty, the United States agrees not to prosecute criminal charges, based solely on the same conduct described herein, against Enrique Martin Del Campo Soria for his role in the ownership, management, and supervision of the operations of GPOMCT unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. Nothing in this agreement, however, shields Defendant or those who owned, managed, or supervised Defendant from prosecution for any act or omission not now known to the United States or committed after the date of this agreement, or shields other entities or individuals not named in this paragraph.

C.    Forfeiture

Defendant consents to the forfeiture allegations of the Information, consents to the forfeiture of currency seized in connection with the case as set forth in the attached forfeiture addendum and agrees the attached forfeiture addendum shall govern forfeiture in this case.

## II

## NATURE OF THE OFFENSE

A.    Elements Explained

The offense to which Defendant is pleading guilty has the following elements:

1.    Defendant knowingly conducted the operations of, controlled, managed, supervised, directed, and owned a money transmitting business that affected interstate or foreign commerce.

2.    During this time period, Defendant (1) provided currency exchange services, (2) was required to file reports under Section 5313, and (3) was not a depository institution, and therefore was required to register with the

2

*Plea Agreement*                                                    Def. Initials __EMC__

Secretary of Treasury under Title 31, United States Code, Section 5330(d).

3.   Defendant failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed thereunder.

4.   For the purpose of the criminal forfeiture allegation, Defendant imported $1,100,000 into the United States on August 13, 2020 and the currency was involved in, or traceable to, Defendant's operation of an unlicensed money transmitting business in the United States in violation of Title 18, United States Code, Section 1960(b)(1)(B).

To convict a business organization of a criminal offense based on the conduct of an employee or agent, the United States must prove: (1) that an employee or agent acting within the scope of his or her authority at the organization committed the offense, and (2) the employee or agent was acting in part to benefit the organization.

B.   Elements Understood and Admitted—Factual Basis

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The facts set forth in the attached Stipulated Factual Basis (incorporated herein by reference) are true and undisputed, and applied at all relevant times.

## III

## PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.   a maximum $500,000 fine, or twice the gross gain or loss from the offense, whichever is greater;

B.   a mandatory special assessment of $400 per count; and

C.   A term of probation of not more than 5 years.

In addition, Defendant shall be subject to an order of forfeiture for any property, real or personal, involved in the offense and any property traceable to such property.

//
//
//

*Plea Agreement*

3

Def. Initials  EMC

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the United States to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant;

F. Not testify or have any adverse inferences drawn from the failure to testify;

G. Defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding; and

H. Assert now or on appeal, any legal, constitutional, statutory, regulatory, and procedural rights and defenses that he may have under any source of federal or common law, including among others, challenges to personal jurisdiction, extraterritoriality, statute of limitations, venue, and the form and substance of the Information, including specifically any claim of multiplicity or duplicity.

## V
## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The United States will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the United States would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this

information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's managers, owners, representatives, or agents to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII
## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing

1  Guidelines (Guidelines) and take them into account. Defendant has discussed the

2  Guidelines with defense counsel and understands that the Guidelines are only advisory, not

3  mandatory. The Court may impose a sentence more severe or less severe than otherwise

4  applicable under the Guidelines, up to the maximum in the statute of conviction. The

5  sentence cannot be determined until a presentence report is prepared by the U.S. Probation

6  Office and defense counsel and the United States have an opportunity to review and

7  challenge the presentence report. Nothing in this plea agreement limits the United States'

8  duty to provide complete and accurate facts to the district court and the U.S. Probation

9  Office.

10  ## IX

11  ## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

12  This plea agreement is made pursuant to Federal Rule of Criminal Procedure

13  11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may

14  impose the maximum sentence provided by statute. It is uncertain at this time what

15  Defendant's sentence will be. The United States has not made and will not make any

16  representation about what sentence Defendant will receive. Any estimate of the probable

17  sentence by defense counsel is not a promise and is not binding on the Court. Any

18  recommendation by the United States at sentencing also is not binding on the Court. If the

19  sentencing judge does not follow any of the parties' sentencing recommendations,

20  Defendant will not withdraw the plea.

21  ## X

22  ## PARTIES' SENTENCING RECOMMENDATIONS

23  A.  SENTENCING GUIDELINE CALCULATIONS

24  Although the Guidelines are only advisory and just one factor the Court will consider

25  under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the

26  following Base Offense Level, Specific Offense Characteristics, Adjustments, Culpability

27  Score, and Multiplier pursuant to Section 8 of the Guidelines:

28

*Plea Agreement*

6

Def. Initials EMC

Base Fine Calculation

| | | |
|---|---|---:|
| 1. | Base Offense Level [USSG § 2S1.3(a)(2)] | 6 |
| 2. | Value of Funds Transmitted (Greater than $9.5M) [USSG §§ 2S1.3(a)(2) and 2B1.1(K)] | +20 |
| 3. | Acceptance of Responsibility [USSG § 3E1.1] | -3 |

Culpability Score

| | | |
|---|---|---:|
| 3. | Base Level [USSG § 8C2.5(a)] | 5 |
| 4. | Organization with 50+ Employees and Person with Substantial Authority Participated [USSG § 8C2.5(b)(4)] | +2 |
| 5. | Reduction for Acceptance [USSG § 8C2.5(g)(2)] | -3 |
| 6. | Combination of Circumstances [USSG § 5K2.0] | -2 |

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the United States need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the United States, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The United States may oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

//

//

*Plea Agreement*

7

Def. Initials EMC

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the addendum containing the stipulated factual basis of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    SPECIAL ASSESSMENT AND FINE

1.    Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $400.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.    Fine

In light of the substantial forfeiture agreed to in this plea agreement and attached forfeiture addendum—and Defendant's registration as money services business in the United States and agreement to comply with the relevant laws and regulations of the United States going forward—the parties will jointly recommend that the Court not impose any fine.

3.    Forfeiture

The attached forfeiture addendum shall govern forfeiture in this case.

G.    PROBATION

If the Court imposes a term of probation, Defendant will not seek to reduce or terminate early the term of probation until Defendant has served at least 2/3 of the term of probation and has fully paid and satisfied any special assessment, fine, criminal forfeiture judgment, and restitution judgment, if any.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution or forfeiture order. This

waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the United States has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;

2. Failing to fully accept responsibility as established in Section X, paragraph B, above;

3. Failing to appear in court;

4. Attempting to withdraw the plea;

5. Failing to abide by any court order related to this case;

6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the United States may proceed to sentencing but recommend a

9

*Plea Agreement*

Def. Initials EMC

different sentence than what it agreed to recommend above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the United States, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the

*Plea Agreement*

10

Def. Initials EMC

1  terms of this agreement with defense counsel and fully understands its meaning and effect.

2  ## XV

3  ## DEFENDANT SATISFIED WITH COUNSEL

4  Defendant has consulted with counsel and is satisfied with counsel's representation.

5  This is Defendant's independent opinion, and Defendant's counsel did not advise

6  Defendant about what to say in this regard.

7                                                  RANDY S. GROSSMAN
                                                    Acting United States Attorney
8

9

10    June 22, 2021
      DATED                                         MICHAEL A. DESHONG
11                                                  DANIEL C. SILVA
                                                    CARL F. BROOKER
12                                                  Assistant United States Attorneys

13    4/11/21
      DATED
14                                                  PEDRO BERNAL
                                                    STEVEN ZISSER
15                                                  Defense Counsel

16  **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I
    SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE**
17  **ATTACHED STIPULATED FACTUAL BASIS ARE TRUE.**

18

19    06/11/2021
      DATED                                         ENRIQUE MARTIN DEL CAMPO SORIA
20                                                  Authorized Representative for Defendant
                                                    GPOMCT GRUPO EMPRESARIAL, S.A.
21                                                  de C.V.

22
    Approved By:
23

24    s/ Leah R. Bussell
      LEAH R. BUSSELL
25    Assistant United States Attorney

26

27

28

    *Plea Agreement*                    11                       Def. Initials EMC

# FORFEITURE ADDENDUM

Defendant GPOMCT GRUPO EMPRESARIAL, S.A. de C.V.'s (Defendant or GPOMCT) conviction will include forfeiture including forfeiture of $1,100,000 USD seized in connection with this case. This forfeiture addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

A.    Penalty. In addition to the penalties in the plea agreement, federal law states that defendant must forfeit to the United States any property, real or personal, involved in, or traceable to, a violation of Title 18, United States Code, Section 1960, as required under Title 18, United States Code, Section 982(a)(1) and 982(b). Defendant understands that forfeiture is a mandatory penalty for the offense in this case.

B.    Property Subject to Forfeiture.  In addition to pleading guilty to Count 1 of the Information, as set forth in Section I of the plea agreement, Defendant agrees to forfeit to the United States all property involved in, or traceable to, a violation of Title 18, United States Code, Section 1960, including $1,100,000 seized by the United States.  The forfeiture will be included in the judgment in this case.

C.    Bases of Forfeiture.  Defendant acknowledges that the $1,100,000 seized on August 13, 2020 is subject to forfeiture to the United States as property involved in, or traceable to, a violation of Title 18, United States Code, Section 1960, and subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

D.    Immediate Entry of a Preliminary Order of Forfeiture.  Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea.  Defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to defendant.  Defendant agrees to immediately withdraw any claims to property directly or indirectly related to the criminal conduct seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States.  Defendant agrees to execute any and all documents requested by the United States to facilitate or complete the forfeiture process.  Defendant further agrees not to

*Forfeiture Addendum*

Def. Initials <u>EMC</u>

contest or to assist any other person or entity in contesting the forfeiture of the property seized in connection with this case. Defendant further agrees that if any third party files a third party petition for any of the $1,520,000 under 21 U.S.C. §853(n), the Defendant will assist the United States in opposing the petition and will be responsible for additional forfeiture in the form of a forfeiture money judgment for the full amount of any third party petition that is granted by the Court. If a forfeiture money judgment is entered under this paragraph, the parties agree it will be (i) subject to immediate enforcement, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the Defendant receives may be offset and applied to the outstanding balance on the forfeiture. Defendant agrees to use its best efforts to pay any forfeiture judgment in full as soon as the order is entered. Defendant will provide the United States with a completed financial statement within 30 days of execution of the plea agreement detailing all assets and liabilities and providing full and complete financial disclosure of all property it owns or has an interest and the locations of such properties.

     E.   <u>Entry of Orders of Forfeiture and Waiver of Notice</u>. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts the guilty plea.

     F.   <u>Waiver of Constitutional and Statutory Challenges</u>. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial

*Forfeiture Addendum*            2                  Def. Initials <u>EMC</u>

1  forfeiture proceeding. Further, by executing this plea agreement and addendum, Defendant

2  withdraws any claims contesting forfeiture in all pending administrative and/or civil

3  forfeiture proceedings related to the property seized on August 13, 2020.

4         G.    Agreement Survives Defendant; No Forfeiture Abatement.  Defendant agrees

5  that the forfeiture provisions of this plea agreement are intended to, and will, survive

6  defendant, notwithstanding the abatement of any underlying criminal conviction after the

7  execution of this agreement.  The forfeitability of any particular property pursuant to this

8  agreement shall be determined as if defendant had survived, and that determination shall

9  be binding upon defendant's heirs, successors and assigns until the agreed forfeiture,

10 including any agreed money judgment amount, is collected in full.

11        H.    Substitute Assets/Collection of Forfeiture. Defendant acknowledges and

12 agrees that the forfeiture in this case may result in the entry of a forfeiture judgment.

13 Interest shall accrue on the forfeiture money judgment from the date of entry of the order

14 of forfeiture imposing such forfeiture money judgment and shall accrue thereon in

15 accordance with Title 18, United States Code, Section 3612(f) and Title 28, United States

16 Code, Section 1961.  Defendant agrees that the conditions for collection of the forfeiture

17 against any and all other assets and properties under Title 18, United States Code, Section

18 982(b) exist.  Defendant agrees the United States may take any and all actions available to

19 it to collect the full amount of the forfeiture, including, but not limited to enforcement of

20 the judgment against substitute assets as provided in Title 21, United States Code, Section

21 853(p) which is incorporated as a part of Title 18, United States Code, Sections 982(b) and

22 actions available under the Federal Debt Collections Procedure Act.

23 //

24 //

25 //

26 //

27 //

28 //

*Forfeiture Addendum*                    3                    Def. Initials  EMC

1    Defendant understands that the main plea agreement, the stipulated factual basis, and

2  this addendum embody the entire plea agreement between the parties and supersedes any

3  other plea agreement, written or oral.

RANDY S. GROSSMAN
Acting United States Attorney

    June 22, 2021
DATED

*Michael A. Deshong*
MICHAEL A. DESHONG
DANIEL C. SILVA
Assistant United States Attorneys

6/11/21
DATED

PEDRO BERNAL
STEVEN ZISSER
Counsel for the Defendant GPOMCT GRUPO
EMPRESARIAL, S.A. de C.V.

    06/11/2021
DATED

ENRIQUE MARTIN DEL CAMPO SORIA
Authorized Representative on Behalf of Defendant
GPOMCT GRUPO EMPRESARIAL, S.A. de C.V.

*Forfeiture Addendum*                    4

Def. Initials EMC